(Mustin v. Vanhook.)

---

*[PHILADELPHIA, MAY 5, 1838.]                    [*574]

## MUSTIN *against* VANHOOK.

### APPEAL.

The act of the 30th of August, 1831, which provides, that after the passage
   of the act, no claim of a mechanic, filed in pursuance of the act of 1806
   should continue to be a lien for a longer term than five years from the
   day of filing the same, unless a *scire facias* was sued out within that
   time, did not apply to claims which had been filed before the passage of
   the act.

THIS was an appeal from a decree of the District Court for the
City and County of Philadelphia, in the matter of the distribu-
tion of the proceeds of a sheriff's sale of certain real estate of
the defendant Vanhook.

The facts, as they appeared in the report of the auditor below,
were as follows:

On the 2d of June, 1827, John Naglee filed a claim against
the building, for lumber furnished. A *scire facias* issued on this
claim, on the 10th of August, 1833. This was the first lien on
the property.

After the filing of this claim, Mustin, the plaintiff, who was
the brother-in-law of Vanhook, took a mortgage of the premises
from him with full knowledge of the existence of the lien.

The property was sold under proceedings on the mortgage.

The District Court decided, that the claimant, Naglee, was
entitled to be first paid out of the fund. Whereupon the plaintiff
appealed to this Court.

Mr. C. *Ingersoll,* for the appellant, referred to the act of the
30th of March, 1831, which provides, that from and after the

(M'Ilvaine *v.* Gethen.)

passage of the act, all claims shall continue to bind the buildings, &c., against which the same are entered, for the term of five years from the day of filing the same; and no claim so as aforesaid filed shall bind any building for a longer period than five [*575] years from the day of filing *the same, unless within that time a *scire facias* has issued, &c. He cited *Eakin* v. *Raub*, (12 Serg. & Rawle, 336).

Mr. *M'Call*, contra, was stopped.

SERGEANT, J. delivered the opinion of the Court.

There is nothing in the language or apparent design of the act of 30th March, 1831, to justify the idea that it was designed to operate retrospectively. Had the legislature intended this, they would no doubt have prescribed a limit for existing liens, to commence with the date of the law, as has been done in many other limitation acts. To apply the present limit, which commences with the time of entering the lien, to liens then entered, might give to some only a month or a day; or even if the five years had expired, abolish them entirely—an injustice which certainly ought not to be imputed to law-makers, in any case, without the most explicit language.* Existing liens have never been supposed to be within the purview of the act of 1831, but only liens that should be filed or entered after the passage of the act.

Judgment affirmed.

---

* See 5 Casey, 117; 7 P. F. Smith, 211.